UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MANSOUR, | ) | Case No.: 1:22 CV 557 |
| Plaintiff | ) ) ) | |
| v. | ) ) | JUDGE SOLOMON OLIVER, JR. |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) ) | |
| Defendant | ) | <u>ORDER</u> |

The Commissioner of Social Security Administration (the "Commissioner") denied Supplemental Security Income to Plaintiff Joseph Mansour ("Plaintiff" or "Mansour") in the above-captioned case. Plaintiff sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge William H. Baughman, Jr. The case was later reassigned by General Order to Magistrate Judge Jennifer Dowdell Armstrong (the "Magistrate Judge" or "Judge Armstrong") for preparation of a Report and Recommendation ("R & R".) Both parties submitted briefs on the merits. Plaintiff requested an order reversing and remanding the Commissioner's decision on the grounds that the Administrative Law Judge's ("ALJ") decision was not supported by substantial evidence because the ALJ had erroneously evaluated Plaintiff's symptoms and their impact on his residual functional capacity ("RFC") (Pl.'s Br., ECF No. 11.) In particular, Plaintiff alleged the ALJ impermissibly relied on his subjective lay opinion and failed to consider critical

evidence regarding Plaintiff's bathroom restrictions when assessing Mansour's symptoms. The Commissioner sought final judgment affirming her decision. (Def.'s Br., ECF No. 13.)

Judge Armstrong submitted a R & R (ECF No. 14) on April 4, 2023, recommending that the court reject Mansour's assignment of error and affirm the Commissioner's decision. The Magistrate Judge found that the ALJ provided ample evidence to support his assessment of Mansour's symptoms and RFC, noting in particular the ALJ's reliance on objective medical evidence, Plaintiff's prescribed treatment plan, and Plaintiff's medical records. (R & R 18, ECF 14.) The Magistrate Judge also found Plaintiff's sub-claims—that the ALJ impermissibly relied on his lay opinion when evaluating Mansour's symptoms and cherry-picked evidence by ignoring testimony about Mansour's painful bowel movements—were unsupported by the record.

The Magistrate Judge highlighted the array of evidence the ALJ considered in rendering his decision, which included Plaintiff's subjective testimony about his symptoms and the opinion evidence of three doctors: one of Plaintiff's treating physicians, Dr. Anthony Finizia, and two state-agency physicians. (R & R 2–8, ECF No. 14.) Judge Armstrong reasoned the ALJ ultimately found Mansour and his doctor's respective testimonies regarding the severity of Mansour's symptoms inconsistent with other evidence in the record. (*Id.* at 17–19.) For instance, Mansour testified that he experienced severe fatigue and intense rectal pain, both of which allegedly limited his ability to eat, use the restroom, or complete simple household chores. (*Id.* at 2-3.) Dr. Finizia's testimony corroborated this point, opining that "Mansour experienced severe pain that would interfere with his concentration, take him off task, and cause absenteeism." (*Id.* at 5.) However, as the Magistrate Judge pointed out, "[t]he ALJ determined that Dr. Finizia's opinion was unpersuasive because there

[were] no examination findings that corroborated Mr. Mansour's fatigue, dehydration, decreased concentration, or off task behavior." (*Id.* at 20.)

The ALJ found other objective medical evidence in the record, as well as the findings of the two state physicians, more compelling. Regarding the objective medical evidence, Judge Armstrong noted the ALJ's discussion of Mansour's treatment notes, which stated that Mansour's prescribed medication and other courses of treatment were "working well" to alleviate Mansour's pain and symptoms. (*Id.* at 18.) The ALJ also evaluated Plaintiff's medical records, which indicated Plaintiff was "more active and more capable than alleged." (*Id.*) Finally, the ALJ considered and ultimately agreed with the state-agency physicians' independent assessment of Mansour's medical issues. The state physicians reviewed Plaintiff's case file prior to the ALJ's evaluation, and both physicians concluded Plaintiff could perform light exertional work with some postural limitations. (ECF No. 7 at PageID #42.) Finding the state physician's persuasive and supported by objective medical evidence, the ALJ similarly concluded Plaintiff had the residual functional capacity to perform light work with some limitations. (R & R 20–21, ECF No. 14.) Upon review, the Magistrate Judge found the ALJ provided substantial evidence to support his above findings and recommended the court affirm the Commissioner's denial of Supplemental Security Income. (*Id.* at 23.)

On April 13, 2023, Plaintiff timely filed his Objection to the R & R. (ECF No. 15.) In his Objection, Mansour urges the court to reject Judge Armstrong's R & R, arguing that she erroneously concluded the ALJ's decision was supported by substantial evidence. In particular, Plaintiff objects to the Magistrate Judge's findings that: (1) the ALJ adequately considered Plaintiff's testimony regarding his frequent and painful bowel movements, and (2) Plaintiff failed to explain how this limitation precluded him from finding gainful employment. (*Id.* at PageID #895.) On the first point,

Plaintiff argues the Magistrate Judge created an unsubstantiated requirement that a plaintiff prove their bathroom restrictions prevent them from leaving the house before the restriction can be considered in the plaintiff's RFC assessment. (*Id.* at PageID #896.) Plaintiff also contends that the ALJ's failure to include his bathroom limitations in his RFC analysis, despite a vocational expert testifying that the particular restrictions urged by Mansour would be work preclusive, was erroneous—such that remand is required to accurately evaluate Plaintiff's RFC. (*Id.* at PageID #897.) On April 21, 2023, the Commissioner filed a Response to Plaintiff's Objection. (ECF No. 16.) The Commissioner maintains that the Magistrate Judge correctly applied the pertinent law and found that the ALJ's decision was supported by substantial evidence. (*Id.* at PageID #899.) As a result, the Commissioner requests that the court adopt Judge Armstrong's R & R, and affirm the ALJ's decision that Plaintiff was not disabled. (*Id.*) This matter is now ripe for review.

The court finds Plaintiff's Objection arguments unpersuasive. Plaintiff first argues that the Magistrate Judge was wrong to affirm the ALJ's RFC evaluation because the ALJ impermissibly reasoned "the record did not indicate that Mr. Mansour was restricted to his home due to the need to use the restroom." (Opp'n at PageID #896, ECF no. 15.) Plaintiff's focus on this point is misplaced. He attempts to frame the issue in dispute narrowly, opining that "[t]he issue here...is whether the multiple off task work time for bowel movements makes this employee unemployable." (*Id.*) However, the question at hand is whether the ALJ had substantial evidence to conclude Plaintiff is not disabled and, thus, ineligible for the additional benefits he now seeks.

Judge Armstrong highlighted the various points of evidence the ALJ relied on to reach his conclusion regarding Mansour's RFC, including Plaintiff's improving medical condition and generally positive prognosis as indicated by Plaintiff's medical records. (R & R 4–8, ECF No. 14.)

Contrary to Plaintiff's contentions, the ALJ did not ignore Mansour's bathroom limitation (*Id.* at 15), nor did the Magistrate Judge create an "additional requirement" that Mansour needed to "prove" his bathroom restriction prevented him from leaving his house in order for the ALJ to consider this limitation in his RFC analysis. (Opp'n at PageID #896, ECF no. 15.) Rather, as Judge Armstrong highlighted, the ALJ contemplated Mansour's bathroom limitations and ultimately concluded they were "not as severe as alleged." (R & R 22, ECF No. 14.) More specifically, the ALJ found Plaintiff's testimony unsupported by objective medical evidence in the record. According to his medical records, Plaintiff previously informed one of his doctors he had four bowel movements per day. (ECF No. 7 at PageID# 41.) However, he did not indicate any significant limitations resulting from his frequent bowel movements such as a need to stay home most of the time. (*Id.*) Plaintiff's only mention of any bathroom limitations was that he typically ate a "small dinner" to avoid needing to use the restroom at night. (*Id.*) Given the catalogue of evidence the ALJ provided to support his findings, and the dearth of evidence explaining the limiting impact of Plaintiff's bowel movements, the Magistrate Judge's conclusion constitutes a proper finding regarding the legal sufficiency of the ALJ's decision.

The court similarly rejects Plaintiff's contention that remand is necessary to address the vocational impact of his bathroom needs. Plaintiff argues that the ALJ's refusal to consider Mansour's need for five unscheduled bathroom breaks as part of his RFC evaluation led to multiple errors in the ALJ's analysis. (Opp'n at PageID #897, ECF No. 15.) Mansour points to the testimony of the vocational expert—which took place after the ALJ's RFC analysis—as evidence of the preclusive effect of his restroom requirements. (Opp'n at PageID #897, ECF No. 15.) However, as established above, the severity and frequency of Plaintiff's bowel movements is disputed. More

importantly, the ALJ provided a logical reason for excluding Plaintiff's bathroom restriction from his RFC analysis—he did not find Plaintiff's testimony credible. Upon being questioned by Plaintiff's attorney at his hearing, the vocational expert did in fact testify that an employee's need for five additional breaks would prevent them from maintaining ongoing substantial employment. (ECF No. 7 at PageID #70.)  However, that same expert also stated that an individual with Mansour's background and RFC—which contained no such restrictions—would be able to find employment as a cashier, a sales attendant, or a housekeeper. (*Id.* at PageID #69.) And, as stated above, the vocational expert's testimony was only one of several points of evidence the ALJ considered in his overall analysis. (R & R 4–8, ECF No. 14.)  The court therefore agrees with Judge Armstrong that the ALJ properly evaluated the available evidence and offered substantial evidence to support his conclusion regarding Plaintiff's disability status.

The court finds, after careful *de novo* review of the R & R and all other relevant documents in the record, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own Judge Armstrong's Report and Recommendation (ECF No. 14.) The court hereby affirms the Commissioner's final decision denying Supplemental Security Income.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

September 5, 2023